WM. P. FOWLKES v. L. POPPENHEIMER & Co.

EXECUTION. *Must follow the judgment.* An execution issued by a Justice of the Peace bearing a different rate of interest from the judgment upon which it is issued, will be quashed upon being brought into the Circuit Court by writs of *certiorari* and *supersedeas.*

FROM DYER.

Appeal in error from the Circuit Court of Dyer County. S. W. COCHRAN, Sp. J.

LATTA & MARSHALL for Fowlkes.

T. M. ANDREWS for Poppenheimer.

McFARLAND, J., delivered the opinion of the Court.

The plaintiff in error presented to a Circuit Judge his petition for writs of *certiorari* and *supersedeas*, alleging that he became stayor of an execution for W. M. Watkins on a judgment rendered by a Justice of the Peace against said Watkins in favor of L. Poppenheimer. That upon expiration of the stay execution had been issued and levied upon petitioner's property, the execution calling upon its face for the collection of ten per cent. interest from the date of the judgment, while the judgment only bore six per cent. interest. It is charged, further, that a large part of the judgment had been paid by the principal, Watkins, before the execution issued, but the credits had not been entered.

The writs were granted, and upon return the petitioner moved in the Circuit Court to quash the execution for the reasons stated, but the motion was overruled.

The defendant moved to dismiss the petition, which was also overruled.

The cause was submitted to a jury sworn to try the matters in dispute, who returned a verdict for the amount of the original judgment, less a payment of $44.60, admitted, and for the amount so returned, and all costs, the Court gave judgment against petitioner and his surety on his *certiorari* bond, from which he appealed.

We think the execution, which appears upon its face to call for ten per cent. interest from the date of the judgment, while the judgment only bears six per cent. interest, should have been quashed, and execution issued from the Circuit Court for the proper amount, and the costs adjudged against Poppenheimer & Co. The petition was properly filed for this purpose, and should have been sustained.

As to the payment, the petition was perhaps not sufficient in not specifying the amount complained of.

It was no case to submit to a jury, unless it was to find the amount of the payment. The judgment of the Justice was not complained of, and the cause was not brought for a re-trial, but only for the purpose of quashing the execution. The only material error, however, in the result, is the judgment for the costs below.

The proper judgment may be entered here, quashing the execution of the Justice and awarding execution for the proper amount, which was correctly found by the jury, and adjudging the costs of this and the Court below against Poppenheimer & Co.